UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:13-00209 |
| | ) | JUDGE CAMPBELL |
| CINTHIA COLLAZO | ) | |

ORDER

The Court held a Pretrial Conference in this case on May 4, 2015. During the Conference, the Court ruled on the pending motions as set forth herein.

Defendant's Motion Requesting Notice Of Intent To Offer Evidence Of Other Crimes, Wrongs Or Acts (Docket No. 135) is DENIED, as moot, based on the Government's representation that it does not intend to offer Fed. R. Evid. 404(b) evidence in its case in chief. The Government shall provide notice to the Court and the Defendant prior to the introduction of such evidence during the trial.

Defendant's Motion For Disclosure Of Any Preferential Agreements With Witnesses (Docket No. 136) is GRANTED as follows: The Government represents that it will provide such material to the Defendant on May 18, 2015, the day before trial, and it will be held to that representation.

Defendant's Motion For Pretrial Production Of *Jencks* Materials (Docket No. 137) is DENIED. The Jencks Act, 18 U.S.C. § 3500, provides that the Government is required to provide to the Defendant a statement made by a Government witness only after completion of the direct examination of that witness. See also Fed. R. Crim. P. 26.2; 16(a)(2). The Government has agreed to produce Jencks material on May 18, 2015, the day before trial begins, however, and it will be held to that representation.

Defendant's Motion To Identify Exhibits And Disclose Witnesses (Docket No. 138) is

DENIED. The Sixth Circuit has held that, in a non-capital case, the Government is not ordinarily obliged to reveal a list of its witnesses and exhibits in advance of trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir.1984); United States v. Turner, 91 Fed. Appx. 489, 491, 2004 WL 540471 (6th Cir. Mar. 17, 2004). The Defendant has not shown any specialized need for a witness and exhibit list in this case. The Government has agreed to produce witness and exhibit lists on May 18, 2015, the day before trial begins, however, and it will be held to that representation.

The United States' Motion In Limine To Preclude Cross Examination, Defense Evidence, and Defense Argument Concerning The Legality Of The Traffic Stop (Docket No. 145) is GRANTED as follows: The legality of the traffic stop is not relevant to the issues to be decided at trial.

Defendant's Motion In Limine No. 1 (Docket No. 146) is DENIED, as moot, based on the Government's representation that it does not intend to offer Fed. R. Evid. 404(b) evidence in its case in chief. The Government shall provide notice to the Court and the Defendant prior to the introduction of such evidence during the trial.

Defendant's Motion for Leave To File Additional Motions (Docket No. 147) is DENIED; provided however, that the Defendant may request to file a specific pretrial motion if she can demonstrate that she could not have filed the motion earlier because she did not have the necessary information, and the Court will fully consider such a request to late-file the motion.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE